**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-4278**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TRACY RANARD GRANT, JR.,

        Defendant – Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston. Bruce H. Hendricks, District Judge. (2:24-cr-00117-BHH-1)

---

SUBMITTED: May 20, 2026                Decided: July 13, 2026

---

Before KING, AGEE, and RICHARDSON, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Bryan P. Stirling, United States Attorney, Charleston, South Carolina, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the District of South Carolina, defendant Tracy Ranard Grant, Jr., challenges his May 2025 criminal judgment of conviction. *See United States v. Grant*, No. 2:24-cr-00117 (D.S.C. May 5, 2025), ECF No. 89 (the "Criminal Judgment"). Following a two-day trial in Charleston in January 2025, Grant — who stipulated prior to trial that he had previously been convicted of a felony and knew of that fact — was convicted by the jury of one count of possession of a firearm and ammunition as a convicted felon, in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (the "firearm offense").[1] For that offense — which stemmed from an April 2023 investigation by the Berkeley County Sheriff of Grant's illegal possession of a Glock Model 22 semi-automatic pistol and .40 caliber ammunition — the district court resolved in April 2025 to impose on Grant a 41-month term of imprisonment, followed by three years of supervised release.

On appeal, Grant maintains that the district court made three fatal errors that infect the Criminal Judgment. Specifically, Grant maintains that: (1) the court "abandoned its gatekeeper role" pursuant to Federal Rule of Evidence 702 and the Supreme Court's seminal 1993 decision in *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993), "when it permitted [a DNA expert named] Barron to testify" at trial, *see* Br. of

---

[1] Section 922(g)(1) of Title 18 provides, in pertinent part, that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition[.]" *See* 18 U.S.C. § 922(g)(1). Meanwhile, § 924(a)(8) supplies the penalty applicable to a § 922(g) offense. *See* 18 U.S.C. § 924(a)(8) ("Whoever knowingly violates subsection . . . (g) of section 922 shall be fined under this title, imprisoned for not more than 15 years, or both.").

Appellant 16; (2) there was "insufficient evidence to establish [that] . . . Grant possessed the firearm which was recovered" by law enforcement on the evening of his arrest, such that the court erred in denying his Rule 29 motion for judgment of acquittal on the firearm offense, *id.* at 33; and (3) a statutory provision underlying the firearm offense — that is, § 922(g)(1) of Title 18 — is "facially violative of the Second Amendment," *id.* at 40.

Ordinarily, our Court reviews a trial court's decision to admit expert testimony for an abuse of discretion. *See United States v. Garcia*, 752 F.3d 382, 390 (4th Cir. 2014). Of relevance here, however, when a defendant fails to object to a court's evidentiary ruling in the underlying court proceedings, our review is for "plain error." *See, e.g.*, *United States v. Olano*, 507 U.S. 725 (1993); *United States v. Walker*, 32 F.4th 377, 394 (4th Cir. 2022). To prevail thereunder, the defendant "must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *See United States v. Ojedokun*, 16 F.4th 1091, 1113 (4th Cir. 2021) (citation modified). Notably, even if the defendant satisfies the foregoing *Olano* prongs, a court of appeals can exercise its discretion concerning whether to recognize the error and will not "do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *See United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018) (citation modified).

Furthermore, we "review de novo a district court's denial of a motion for judgment of acquittal, made pursuant to Rule 29." *See United States v. Davis*, 75 F.4th 428, 437 (4th

3

Cir. 2023).[2]  And "[b]ecause a constitutional question is a legal issue, we [also] review the district court's ruling de novo." *See United States v. Colon*, 64 F.4th 589, 594 (4th Cir. 2023); *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 312 (4th Cir. 2018).

In these circumstances, having carefully assessed the record on appeal — as well as the various appellate submissions of the parties — we discern no reversible error.  First off, as to Grant's *Daubert*-related appellate contention, it cannot be said that the able district judge even abused her discretion — let alone plainly erred — in admitting the trial testimony of the prosecution's DNA expert, Mr. Barron.  Rather, we are of opinion that the prosecutors sufficiently established Mr. Barron's qualifications as an expert, in compliance with both Rule 702 and *Daubert*, and that his expert testimony was otherwise reliable.[3]

Second, as to Grant's appellate contention that the district court erred in denying his Rule 29 motion for judgment of acquittal, we are satisfied that the evidence adduced by the prosecution at trial was more than sufficient to establish Grant's guilt on the firearm offense.  Put simply, this is not the "rare case where the prosecution's failure is clear." *See Davis*, 75 F.4th at 437 (citation modified).  To the contrary, the record reveals that the

---

[2] Our Court has emphasized that a defendant seeking to challenge the sufficiency of evidence under Rule 29 faces a "heavy burden." *See Davis*, 75 F.4th at 437 (citation modified).  That is, "[r]eversal for insufficient evidence is reserved for the *rare case* where the prosecution's failure is clear." *Id.* (citation modified) (emphasis added).

[3] Even if Grant were correct that the district court abused its discretion in admitting the expert testimony of Mr. Barron, any error in that respect would be harmless. *See, e.g.*, *United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997) (recognizing that evidentiary rulings "are subject to harmless error review" under Rule 52).  And that is so because the jury was presented with other sufficient evidence of Grant's guilt on the firearm offense.

4

prosecutors presented substantial evidence that Grant possessed both the at-issue firearm and ammunition, thereby supporting the jury's guilty verdict on the firearm offense.

Finally, as to Grant's third appellate contention — that § 922(g)(1) of Title 18 is "facially violative of the Second Amendment," *see* Br. of Appellant 40 — that argument is foreclosed by our 2024 decision in *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024). As *Canada* resolved, § 922(g)(1) "is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least *some* set of circumstances." *Id.* at 161 (citation modified). We are thus constrained to reject that defense contention.[4]

* * *

Pursuant to the foregoing, we are satisfied to reject each of Grant's appellate contentions and affirm the Criminal Judgment. Furthermore, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court, and because an argument would not aid the decisional process.

*AFFIRMED*

---

[4] We observe that Grant rightly concedes, in his opening brief, that our *Canada* decision precludes his Second Amendment challenge to the firearm offense. *See, e.g.*, Br. of Appellant 15. Although we appreciate that concession — which is consistent "with the strict obligations that lawyers have to act with candor in presenting claims for judicial resolution," *see United States v. Brewer*, 157 F.4th 332, 334 n.6 (4th Cir. 2025) (citation modified) — we are dutybound to reject Grant's constitutional contention and adhere to the *Canada* precedent. *See, e.g.*, *McMellon v. United States*, 387 F.3d 329, 334 (4th Cir. 2004) (en banc) (recognizing that earlier published panel decision "must be followed, unless and until it is overruled by this court sitting en banc or by the Supreme Court").